Mr. Herbert Elliott City Attorney City of Tarpon Springs Post Office Box 1575 Tarpon Springs, Florida 34286-1575
Dear Mr. Elliott:
You ask on behalf of the City of Tarpon Springs substantially the following question:
May the City of Tarpon Springs impose a regulatory or registration fee under s. 166.221, F.S., on a business licensed by the Department of Professional Regulation, when the business does not have a permanent or branch office located in the city, but has paid an occupational license tax to another municipality or county where its permanent or branch office is located?
In sum:
The City of Tarpon Springs may not impose a regulatory fee pursuant to s. 166.221, F.S., on a business regulated exclusively by the Department of Professional Regulation, since regulation and licensure of such a business has been preempted to the state.
Your question arises in light of the creation of s. 205.065, F.S. (1992 Supp.), which limits the authority of local governments to impose an occupational license tax on a business regulated by the Department of Professional Regulation (DPR).[1] Two recent opinions of this office comment upon the effect of this new legislation.
In AGO 92-74, it was concluded that s. 205.065, F.S., precludes a municipality from imposing an occupational license tax on a business regulated by DPR, if the business engages in work within the municipality but does not establish a permanent business location or branch office within the municipality and if the business has paid for the current year an occupational license tax to another municipality or county where its permanent business location or branch office is located. However, in AGO 92-83, it was determined that the statute does not prohibit a county from imposing an occupational license tax on such a business when the business has a permanent business location or branch office in a municipality located within the county, even though the business has paid an occupational license tax to the municipality for the tax year.
As this office has previously recognized, however, the regulatory license fees imposed pursuant to s. 166.221, F.S., are separate and distinct from the occupational license taxes collected under Ch. 205, F.S.[2] The analyses and conclusions in AGO's 92-83 and 92-74, therefore, are not dispositive of the issue you raise.
Section 166.221, F.S., provides:
A municipality may levy reasonable business, professional, and occupational regulatory fees, commensurate with the cost of the regulatory activity, including consumer protection, on such classes of businesses, professions, and occupations, the regulation of which has not been preempted by the state or a county pursuant to a county charter. (e.s.)
This provision allows a municipality to impose regulatory fees on persons conducting business activities within the municipality, if the regulation of such business, profession, or occupation has not been preempted to the state. This office has interpreted s.166.221, F.S., to preclude a municipality from levying a regulatory fee on professions regulated by the state.[3]
In AGO 81-50, this office considered whether a municipality was authorized by s. 166.221, F.S., to impose regulatory licensing requirements on real estate salespersons and brokers licensed by the state under Ch. 475, F.S. In light of the legislative intent to protect the public welfare by regulating real estate brokers, salespersons, and schools, this office determined that Ch. 475, F.S., preempts to the state the licensing, regulation, and discipline of real estate practitioners. It was concluded, therefore, that a municipality was precluded by s. 166.221, F.S., from licensing and regulating the real property business activities of persons licensed as real estate salesmen and brokers by the state.
Thus, to the extent a business or profession is regulated exclusively by the state, a municipality is not authorized to impose a regulatory fee pursuant to s. 166.221, F.S. I would note, however, the Legislature recognizes that local governments may license and regulate registered contractors in the county, municipality, or development district in which such individuals are contracting.[4] Accordingly, while the city of Tarpon Springs may impose a regulatory fee upon a registered contractor who must comply with the local licensing requirements, it may not impose a regulatory fee pursuant to s. 166.221, F.S., upon a business or profession exclusively regulated by DPR.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, s. 32, Ch. 92-203, Laws of Florida.
[2] See, AGO 76-30 (regulatory license fee imposed under the municipal police power pursuant to s. 166.221, F.S., does not fall within the purview of Ch. 205, F.S.).
[3] See, AGO 76-219 (regulatory licensing of insurance agents is preempted to the state by s. 624.401(3), F.S., precluding municipality from levying regulatory fees on such persons under s.166.221, F.S.)
[4] See, s. 489.117, F.S., recognizing the local licensure and regulation of persons engaged in contracting only in the counties, municipalities, or development districts where the person has complied with the local licensing requirements.